THERESA K. NIELSEN ET AL., APPELLANTS, V. TRI-STATE GENERATION AND TRANSMISSION ASSOCIATION, INC., A CORPORATION, APPELLEE.

174 N. W. 2d 722

Filed February 20, 1970. No. 37382.

Firmin Q. Feltz, for appellants.

Frederick E. Wanek, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

In this eminent domain proceeding a jury awarded plaintiffs $10,500 for a perpetual easement appropriated by defendant for a power line. The district court granted a new trial on the ground that the verdict was excessive. Plaintiffs have appealed.

Plaintiffs owned a ranch and farm unit bordering the City of Ogallala on the east and north. The unit comprised 2,562 acres of grazing land, 495 acres of accretion, 422 acres of dry crop land, 94 acres of irrigated land, and 14 acres of building site. Fences divided the grazing land into 5 pastures. Pasture I bordered the city on the north. Pastures IV and V, lying northeast of the city, contained 1,640 acres.

On March 21, 1968, defendant petitioned for the easement over plaintiffs' land in order to construct a 115-kilovolt line. The line was constructed prior to trial. On plaintiffs' land were 22 structures - 3 3-pole structures and 19 H-frames that measured approximately 12 feet between the outer edges of the poles. The easement area, 100 feet wide and 15,161 feet long, was com-

posed of 28.09 acres of pastures IV and V; 4.59 acres of accretion; 1.6 acres of meadow; and the remaining fractional acre of doubtful classification.

Witnesses testified to the preappropriative value an acre as follows: $110 to $150 for the meadow, $60 to $100 for the accretion, and $60 to $75 for the pastures. Plaintiff manager testified to an average of $70 for the five pastures in view of different distances from Ogallala. Opinions of damage from the appropriation were: $10 an acre for all accretion and pasture, 10 per cent of the value of the whole unit, $5 an acre for the whole unit, $30 an acre for 6 quarter sections, and $20 an acre for 8 quarter sections. Plaintiff manager admitted that the appropriation would not decrease the number of sustainable animal units and that the accretion had not produced a crop. Among items of damage were erosion around the poles, destruction of vegetation within the easement, and defendant's right of access. The jury viewed the premises.

Instruction No. 2 informed the jury in part as follows: "The plaintiffs will retain . . . possession . . . but may use said property only . . . (without) interference with . . . defendant . . . . The defendant has . . . perpetual rights: 1. To enter upon . . . the easement at any time . . . . 3. To construct and maintain gates through fences crossing the easement. 4. To remove trees, brush and shrubbery within the easement which may interfere with . . . safe operation and maintenance . . . ."

Instruction No. 3 to the jury limited the issues to "The amount by which the value of plaintiffs' property in pastures IV and V, meadow land and accretion lands has been reduced in value as of March 21, 1968."

The verdict of a jury on conflicting evidence in an eminent domain action will be set aside when it is clearly excessive. Moyer v. Nebraska E. G. & T. Coop., 171 Neb. 879, 108 N. W. 2d 89 (1961). The district court in

granting a new trial in the present case exercised sound judicial discretion. The judgment is affirmed.

AFFIRMED.